UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEVON WATKINS,<br><br>        Plaintiff,<br><br>    v.<br><br>X CORP.,, et al.,<br><br>        Defendants. | Case No. 25-cv-04696-LJC<br><br>**ORDER TO SHOW CAUSE WHY IFP APPLICATION SHOULD NOT BE DENIED AND COMPLAINT SHOULD NOT BE DISMISSED**<br><br>Re: Dkt. Nos. 1, 2 |

## I. INTRODUCTION

Plaintiff Jevon Watkins has filed this action pro se (meaning without an attorney) and applies to proceed in forma pauperis (IFP). For the reasons discussed below, Wakins is ORDERED TO SHOW CAUSE why his IFP application should not be denied, and why his Complaint should not be dismissed. Watkins is further ORDERED to provide a declaration clarifying whether he is currently a prisoner and identifying any other civil cases that he has filed. Watkins must respond no later than three weeks from the date of this Order.

The case management conference previously set for September 4, 2025 is CONTINUED to November 20, 2025 at 1:30 PM Pacific Time, to occur via Zoom webinar videoconference. Access instructions are available at https://cand.uscourts.gov/ljc/. Watkins must file a case management statement no later than November 13, 2025.

## II. IFP APPLICATION

"[T]here is no formula set forth by statute, regulation, or case law to determine when someone is poor enough to earn IFP status . . . ." *Escobedo v. Applebees*, 787 F.3d 1226, 1235 (9th Cir. 2015). "One need not be absolutely destitute to obtain benefits of the in forma pauperis statute," but "a plaintiff seeking IFP status must allege poverty with some particularity,

1  definiteness and certainty." *Id.* (cleaned up). "An affidavit in support of an IFP application is
2  sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities
3  of life." *Id.*

4  Watkins's responses in his form IFP application are inconsistent and potentially not
5  credible. Responding to whether he is currently employed, Watkins checked the box for "Yes,"
6  but states that he is "currently inactive" at Nordstrom after having "made a career and retirement"
7  there. ECF No. 2 (IFP Application) at 1. He responded "N/A" to questions for his current gross
8  and net wages, as well as a question asking the date and amount of his most recent wages if he is
9  not currently employed. *Id.* at 1–2. He reports that he has not received income from business or
10 self-employment, stocks, bonds, royalties, rent payments, pensions, annuities, life insurance,
11 welfare, Social Security, or other government sources in the last twelve months. *Id.* at 2. In a
12 field to explain any income, he states that "[e]verything is frozen" and he "does not think [he]
13 made anything" but is not sure. *Id.* Watkins asserts that he owns or is buying a home, but lists the
14 value as "N/A." *Id.* at 3. He states that he owns 2021 Cadillac XT5 (a luxury crossover SUV) for
15 which he owes $20,000, but lists his monthly payment as "N/A." *Id.* He states that he owns cash,
16 but lists the amount as "N/A." *Id.* In a field to describe other assets, he states that he is a music
17 produce and entrepreneur. *Id.* He also lists his monthly expenses for rent, food, utilities, and
18 clothing as "N/A." *Id.*

19 If Watkins is not currently earning income of any kind, he must disclose when he last
20 earned income and how much he earned. If Watkins owns or is buying a home, as he checked a
21 box indicating he does, then he must disclose its value. If he owns money in cash, as he checked a
22 box indicating he does, then he must disclose how much. If Watkins has no assets or income of
23 any kind, then he must explain how he meets basic needs for food and housing, as well as how he
24 affords a recent-model luxury vehicle.

25 Watkins is ORDERED to show cause why his application to proceed in forma pauperis
26 should not be denied. Watkins must file a declaration explaining his finances in greater detail no
27 later than three weeks from the date of this Order.
28

### III. OTHER CIVIL CASES

At the end of his IFP application, Watkins checked a box indicating that this case does not "raise claims that have been presented in other lawsuits." ECF No. 2 at 4. But in response to the question calling for him to "list the case name(s) and number(s) of the prior lawsuit(s), and the name of the court in which they were filed," Watkins nevertheless listed three courts: "Southern District of New York, U.S. District Court (Trenton, New Jersey), Pennsylvania U.S. District." *Id.* He did not comply with the instruction to list case names and numbers.

The Court's own research has identified two of Watkins's other cases: *Watkins v. Monroe College*, No. 25-CV-3533 (LTS) (S.D.N.Y); *Watkins v. NJDOC*, No. 25-2093 (MAS), (D.N.J.). Those cases do not raise the same claims as this case. The Court has not identified any case involving Watkins in any of the three federal district courts in Pennsylvania.

In one of those cases, the Southern District of New York determined that Watkins is a "prisoner" within the meaning of 28 U.S.C. § 1915 because he is incarcerated at a state forensic psychiatric hospital in Pennsylvania.[1] *Watkins v. Monroe College*, No. 25-CV-3533 (LTS), ECF No. 6 (S.D.N.Y May 9, 2025). For the purpose of § 1915, "the term 'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915(h). As discussed in the Southern District of New York's Order, prisoners are subject to additional requirements when they apply to proceed in forma pauperis, including deduction of the filing fee from a prisoner's account in installments, 28 U.S.C. § 1915(b), and a three-strikes system in which a prisoner may be barred from filing future cases in forma pauperis if three previous cases have been dismissed as frivolous or malicious, or for failure to state a claim on which relief may be granted, *id.* § 1915(g). At least one of Watkins's prior cases has been dismissed for failure to state a claim, so if he is a prisoner, he has at least one strike under § 1915(g). *See Watkins v. NJDOC*, No. CV 25-2093 (MAS), 2025 WL 1793805 (D.N.J. June 30, 2025).

---

[1] In the present case before this Court, Watkins listed an address for himself in New Jersey, ECF No. 1 at 1, but the return address on the envelope in which he submitted his Complaint is for Norristown State Hospital in Pennsylvania, ECF No. 1-2.

3

Watkins is therefore ORDERED to file a declaration: (1) clarifying whether he is currently a "prisoner" within the meaning of § 1915; and (2) identifying—by name, case number, and court—any other civil cases that he has filed.

## IV.     DISMISSAL OF COMPLAINT

### A.     Legal Standard

If Berry's application is granted, the Court would then be required to evaluate the sufficiency of his Complaint under 28 U.S.C. § 1915(e)(2)(B), which provides in relevant part that after granting permission to proceed in forma pauperis, a court "shall dismiss the case at any time if the court determines that . . . the action . . . is frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(i), (ii). When a complaint fails to state a claim on which relief may be granted, a court may also dismiss the case sua sponte (meaning on the court's own initiative) under Rule 12(b)(6) of the Federal Rules of Civil Procedure, regardless of whether a plaintiff is proceeding in forma pauperis. *Omar v. Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir. 1987).

When the complaint has been filed by a pro se plaintiff, a court must "construe the pleadings liberally and . . . afford the petitioner the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citation omitted). But "[t]hreadbare recitals of the elements of a cause of action . . . do not suffice," and a court need not credit "legal conclusions" or "mere conclusory statements." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). In order to state a claim on which relief may be granted, the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint must demonstrate "facial plausibility" by pleading "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. In other words, the Complaint needs to include *facts*, not just the type of legal claim the plaintiff asserts. In assessing whether a complaint is "frivolous" under § 1915, the Court may also consider whether "the facts alleged are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional." *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992).

4

1    Furthermore, federal courts are courts of limited subject matter jurisdiction, and a plaintiff
2  must provide a sufficient explanation of why this case falls within that jurisdiction.  Two of the
3  most common grounds for federal subject matter jurisdiction are federal question jurisdiction
4  under 28 U.S.C. § 1331, which applies to claims "arising under the Constitution, laws, or treaties
5  of the United States," and diversity jurisdiction under 28 U.S.C. § 1332(a), which applies to cases
6  where no defendant is a citizen of the same state as any plaintiff and where the amount in
7  controversy exceeds $75,000.  Federal courts "have an independent obligation to determine
8  whether subject-matter jurisdiction exists, even in the absence of a challenge from any party."
9  *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006).

10   Courts ordinarily must give pro se plaintiffs leave to "amend their complaint unless it is
11 absolutely clear that the deficiencies of the complaint could not be cured by amendment."
12 *Franklin v. Murphy*, 745 F.2d 1221, 1235 n.9 (9th Cir. 1984).

### B.     Allegations of the Complaint

Watkins brings this claim against Defendants X Corp. and Elon Musk.  ECF No. 1 at 1–2.  He checked a box indicating that he asserts federal question jurisdiction under 28 U.S.C. § 1331, but did not respond to the question asking, "Which federal law or right is involved?" *Id.* at 2.  The entirety of Watkins's statement of facts reads as follows:

> This happened on the world wide web. While advertising my music and my business I started a contract for advertising my music which I [paid] for, that started working but did not fully give me all that was promised and it froze my social media account.

*Id.* at 3.  Watkins purports to assert a claim under the First and Fifth Amendments to the U.S. Constitution.  *Id.* at 5–6.

Watkins's demand for relief reads as follows:

> I want the court to get the people like him to unfreeze the hold on my social media account. Honestly I want the account to continue what it was doing before it froze. If that is not possible I am owed about $1,200 (one thousand two hundred dollars) to my charge account that I was using for business.

*Id.* at 7.

5

### C. Analysis

There are a number of problems with Watkins's Complaint. First, the claim he is intending to assert appears to be a basic breach of contract, which would not normally implicate the First or Fifth Amendments, and Watkins offers no explanation for why his constitutional rights have been violated. In the absence of any federal law or right at issue, the Court would not have subject matter jurisdiction under the "federal question" standard of 28 U.S.C. § 1331, which is the only basis for jurisdiction that Watkins invoked. Watkins has not invoked diversity jurisdiction under 28 U.S.C. § 1332(a), but even if he had, it does not appear that he could meet that statute's $75,000 amount-in-controversy requirement because he alleges he is owed $1,200.

As a second problem, the First and Fifth Amendments bind the federal government—and as incorporated by the Fourteenth Amendment's Due Process Clause, also state and local governments. They do not generally bind non-governmental parties. *See, e.g.*, *Blum v. Yaretsky*, 457 U.S. 991, 1004 (1982) ("[C]onstitutional standards are invoked only when it can be said that the State is *responsible* for the specific conduct of which the plaintiff complains."). X Corp. is a private corporation, and even though Elon Musk briefly played at least some role in the federal government earlier this year, Watkins has not alleged that this case has anything to do with either defendant acting on behalf of the government. Even if Watkins could identify some connection between this case and his rights under the Fist and Fifth Amendments, he would need to allege that Defendants were acting in concert with or on behalf of the government, which he has not done.

Third, the Supreme Court has only in limited circumstances recognized causes of action for damages arising directly under the Constitution (including its amendments), rather than under a statute specifically authorizing such a claim, and has discouraged lower courts from recognizing such claims in new contexts. *See, e.g.*, *Ziglar v. Abbasi*, 582 U.S. 120, 133–35 (2017). Even if Watkins could allege that Defendants acted on behalf of the federal government, he has not shown that his claims under the First and Fifth Amendments fall within any recognized framework for such a claim under those amendments directly, nor has explained why this Court should recognize a new context for a direct constitutional claim for damages, nor has he cited any statute allowing

6

him to bring such a claim. 42 U.S.C. § 1983 allows constitutional claims for damages against parties acting under color of *state* law in some circumstances, and failure to cite that statute specifically in a Complaint where it would otherwise plainly apply is not a basis for dismissal. *See generally Johnson v. City of Shelby*, 574 U.S. 10 (2014). But as noted above, Watkins has not alleged that Defendants here acted under color of state law as required for a claim under § 1983.

Finally, even if Watkins could establish a basis for this Court to exercise subject matter jurisdiction over a contract claim, his Complaint consists only of the sort of conclusory assertions that the Supreme Court has held are "not entitled to the assumption of truth" and are insufficient to state a claim on which relief may be granted. *See Iqbal*, 556 U.S. at 679. Watkins has not alleged basic facts to support such a claim, like whether Defendants were parties to the purported contract, how the parties entered the contract, what the contract called for the parties to do, or how Defendants breached those terms. "Under California law, a claim for breach of contract includes four elements: that a contract exists between the parties, that the plaintiff performed his contractual duties or was excused from nonperformance, that the defendant breached those contractual duties, and that plaintiff's damages were a result of the breach." *Boland, Inc. v. Rolf C. Hagen (USA) Corp.*, 685 F. Supp. 2d 1094, 1101 (E.D. Cal. 2010). But "a formulaic recitation of the elements of a cause of action" is not sufficient to state a claim, *Iqbal*, 556 U.S. at 678 (citation omitted), and the factual context missing from Watkins's Complaint would be relevant to establish the plausibility of those basic elements here—*if* Watkins could establish some basis for subject matter jurisdiction over a claim for breach of contract. Without those sorts of factual allegations, the Complaint lacks the necessary "factual content [to] allow the court to draw the reasonable inference that the defendant[s are] liable for the misconduct alleged." *Id.* at 678.

For all of those reasons, Watkins is ORDERED TO SHOW CAUSE why his Complaint should not be dismissed as frivolous and for failure to state a claim on which relief may be granted.

## V.    CONCLUSION

For the reasons discussed above, Watkins is ORDERED TO SHOW CAUSE why his application to proceed in forma pauperis should not be denied and why his Complaint should not

be dismissed. No later than three weeks from the date of this Order, Watkins must file the following documents;

    (1) A declaration explaining his financial circumstances, addressing all of the issues discussed in section II of this Order;

    (2) A declaration explaining whether he is current a prisoner, and identifying all other civil cases he has filed, as discussed in section III of this Order; and

    (3) Either an amended complaint curing the defects identified in section IV of this Order, or a response to this Order explaining why his current Complaint should be permitted to proceed. If Watkins files an amended complaint, it must list the same case number as this Order (25-cv-4696) and must include all of the claims Watkins wishes to assert and all of the Defendants he wishes to sue. An amended complaint completely replaces an original complaint and cannot rely on the contents of the original complaint. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).

If Watkins does not respond to this Order as required above, this case may be dismissed for failure to prosecute and failure to comply with a court order, in addition to the other grounds for dismissal identified in this Order.

**IT IS SO ORDERED.**

Dated: September 2, 2025

LISA J. CISNEROS
United States Magistrate Judge